ASH v. ALDRICH.

A contract of exchange of chattels is within the statute of frauds, and if there is no delivery, part payment, or memorandum in writing, it is invalid.

A subsequent delivery and acceptance on Sunday will not make the contract valid. ·

REPLEVIN, for a colt. Facts found by a referee. The plaintiff owned a vicious horse called the Blaine mare, whose characteristics were known to the defendant. The defendant owned a colt, which was nine miles distant, in the keeping of Haines, his agent, and which the plaintiff had never seen. On Saturday, November 19, 1892, the plaintiff and the defendant entered into a verbal contract for the exchange of the horses ; but there was no delivery of the property, nor was there anything paid, nor was there any memorandum or note of the trade in writing made or signed by the parties. It was agreed that the defendant should change the horses, but no time was fixed when this was to be done. The next day, Sunday, the defendant, for the purpose of exchanging the horses, took the Blaine mare to the Haines place, put her into the barn, led out the colt, and hitched it outside the barn. Haines refused to keep the Blaine mare on account of her vicious habits, and the defendant left the colt in his keeping, expressing the purpose to try and get the plaintiff to swap back. He returned the mare to the plaintiff's stable that evening, and never had her in his possession afterwards. On the Monday following, the defendant informed the plaintiff that he should not change the horses, and that he repudiated the trade made Saturday night. The plaintiff denied his right to do so, and on the same day, without the defendant's knowledge or consent, took the colt from the Haines barn and put it in his own stable, and kept it till Wednesday, when the defendant took the colt away by force and kept it till it was replevied.

*Smith & Sloan* and *George F. Morris*, for the plaintiff.

*Bingham, Mitchell & Batchellor*, for the defendant.

WALLACE, J.    The question is, whether the contract of exchange made by the parties is within the statute of frauds in regard to the sale of goods (P. S., c. 215, s. 3), and if so, whether the requirements of that statute were complied with so far as to make the contract valid, and give the plaintiff the title to and the right to possession of the horse for which he had bargained.    The statute applies to a contract of exchange as well as to a contract of sale.    *Kuhns* v. *Gates,* 92 Ind. 66 ; *Rutan* v. *Hinchman,* 30 N. J. Law 255 ; Bro. St. Fr. (4th ed.) *s.* 293.

The agreement on Saturday was a complete verbal contract for the exchange of horses, but there was no delivery and receipt of the property, no note or memorandum or payment to take the case out of the operation of the statute of frauds, and the contract was not valid.    On the next day, Sunday, the defendant received possession as owner of the horse for which he had bargained, and there was then an acceptance and receipt of the horse by him which met the requirements of the statute so as to make the contract binding and capable of being enforced, provided the fact that this was done on Sunday does not render it void on that ground.    The delivery and receipt of one of the horses, at least, was essential to the validity of the contract of exchange.    The performance of these vital elements of the bargain on Sunday was prohibited by the statute (P. S., c. 271, s. 3) and void.    It could not make an otherwise invalid contract valid.    *Smith* v. *Foster,* 41 N. H. 215.

*Judgment for the defendant.*

CARPENTER, J., did not sit : the others concurred.