## JAMES v. THE STATE.

1. The act of February 26, 1877 (Acts 1877, p. 335), prohibiting the sale of intoxicating liquors upon the Island of St. Simons, is not unconstitutional as containing matter different from that expressed in its title, nor as referring to two subject-matters.

2. If there is an irreconcilability between the domestic-wine act of February 27, 1877 (Acts 1877, p. 33), and the act referred to in the preceding note, the conflict extends only to the sale of that class of wine the sale of which is the subject of the general law, and the local act would be unrepealed so far as it related to intoxicating liquors other than wine of the character referred to in the general law.

Submitted October 16,—Decided November 9, 1905.

Indictment for unlawful sale of liquor. Before Judge Gale. City court of Brunswick. June 30, 1905.

The accused was arraigned upon an indictment in which it was charged that she "unlawfully did sell and barter intoxicating liquors on the Island of St. Simons, in the County of Glynn." The indictment was preferred under an act (Acts 1877, p. 335) of which the following is a copy:

"An act to prohibit the sale of intoxicating liquors of any and every kind upon the Island of St. Simons, in the County of Glynn.

"Section I. Be it enacted by the General Assembly of the State of Georgia, that from and after the passage of this act, it shall not be lawful for any person to sell, or barter, in any quantity whatever, intoxicating liquors of any kind upon the Island of St. Simons, in the County of Glynn, or upon any river, creek, inlet, within the boundary line of said Island.

"Sec. II. Be it further enacted, that any person violating the first section of this act shall be guilty of a misdemeanor, and, on conviction in any court having jurisdiction of misdemeanors, shall be fined a sum not less than one hundred or more than five hundred dollars,

in the discretion of the court, or imprisoned, at the discretion of the court, not less than two or more than twelve months."

A demurrer was filed which set up that the act is unconstitutional: First, because it contains matter different from that expressed in the title. (a) The title refers to a prohibition of the *sale* of intoxicating liquors, and the body of the act prohibits not only the sale, but the *barter*, of such liquors. (b) The title prohibits the sale upon the Island of St. Simons, in the County of Glynn, and the body of the act prohibits the sale not only upon the island, but upon any river, creek, or inlet, within the boundary line of said Island. (c) The title of the act contains no language indicating a purpose to make the sale or barter penal, while the body of the act makes such sale or barter a misdemeanor. Second, the act was repealed by the domestic-wine act of 1877 (Acts 1877, p. 33). Third, the act contains two subject-matters, the sale and barter of intoxicating liquors upon the Island of St. Simons, and relates to the sale and barter, not only upon the island, but upon streams within the boundary lines of said island, and provides a penalty for both the barter and the sale of intoxicating liquors. The demurrer was overruled, and the accused excepted.

*J. D. Sparks,* for plaintiff in error. *J. T. Colson, solicitor,* and *John W. Bennett, solicitor-general,* contra.

COBB, P. J. A sale in its broadest sense comprehends any contract for the transfer of property from one person to another for a valuable consideration. Century Dictionary; *Cain* v. *Ligon,* 71 *Ga.* 694. It is often used in a more limited sense as embracing only those contracts which are founded upon a money consideration. In an act prohibiting the sale of intoxicating liquors the word "sale" is to be construed in its broad and comprehensive sense, and therefore includes what is commonly known as barter and exchange. *McGruder* v. *State,* 83 *Ga.* 616 (5) ; *Griffin* v. *State,* 115 *Ga.* 577 (4) ; *Paschal* v. *State,* 84 *Ga.* 326. The word "sale" in the title authorized legislation upon the subject of barter.

The title of the bill indicates a purpose to provide legislation prohibiting the sale of intoxicating liquors upon the Island of St. Simons. This is sufficiently broad to authorize legislation reaching every part of that Island. That provision in the body of the act which in terms makes the provisions of the act applicable to rivers,

creeks, and inlets, within the boundary line of the island, is there-fore within the terms of the title. The title does not in terms refer to a penalty to be imposed for a violation of the provisions of the act. But the word "prohibit," which appears in the title, is suffi-ciently broad to authorize legislation making penal the sale which is prohibited by the act. The law can not effectually prohibit an act unless some penalty is imposed for its violation. Without penalty there would be no effectual prohibition. Even though the title omits the usual words "and for other purposes," a penalty for its violation is germane to the scheme of the act as indicated by its title, which is to prohibit the sale of liquors. In *Sasser* v. *State,* 99 *Ga.* 54, the title referred simply to prescribing the method of granting licenses for the sale of liquor, and increasing the fee for such licenses, and language of this character was not broad enough to embrace the sub-ject of a penalty for the sale without a license.

The act did not contain two subject-matters. The subject-matter of the act was the prohibition of the sales of every nature and kind of intoxicating liquors upon all of the territory embraced within the limits of the island. The subject-matter of the act was thus single; and while it dealt with both sale and barter, and sales upon land and sales upon water, it was at last merely an act to prohibit the sale in all parts of the island.

The act under which the indictment was preferred was approved February 26, 1877, and the domestic-wine act was approved Febru-ary 27, 1877. The domestic-wine act related merely to sales in quantities not less than one quart by manufacturers of wine made from grapes the product of vineyards in this State. If the passage of this general law had the effect to repeal any part of this local law for St. Simons Island, it certainly did not repeal it in its entirety. If any part of the prior local act was repealed by the subsequent general law, only such part was repealed as is in irreconcilable con-flict with the general law. The indictment was in the language of the local act, and was therefore a good indictment under that act. If upon the trial it should appear that the accused was a manufac-turer of wine from grapes, within the terms of the domestic-wine act, and sold only the wine referred to in that act, and in the manner therein referred to, then the question as to whether the local act was repealed so as to authorize the sale of such wine might become mate-rial. But if it appeared that the accused sold intoxicating liquors

of a character not referred to in the domestic-wine act, or if she sold domestic wine in quantities not authorized by that act, she could be properly convicted of a violation of the local act. The indictment was not subject to any of the objections set up in the demurrer.        *Judgment affirmed. All the Justices concur.*