STATE *vs.* ANDREW FULMAN.

*Criminal Law—Indictment—Selling Whiskey—Local Option Law —Ownership—Sale—Accomplice.*

1. In a prosecution for the sale of whiskey in violation of the local option law, before the jury can find a verdict of guilty the State must satisfy them by the evidence, beyond a reasonable doubt, that the defendant either sold or assisted in the sale of whiskey, not for medicinal or sacramental purposes, to the prosecuting witness.

2. The sale of intoxicating liquor, within the meaning and intent of this law, may be where the owner of whiskey transfers it to the buyer for a valuable consideration, to be paid in money or anything of value which he accpets as payment therefor.

3. A person in whose possession personal property is found, such as whiskey, is presumed to be the owner *prima facie* until the presumption is rebutted by evidence to the contrary. It is for the jury to determine whether or not the defendant was the owner of the whiskey. If they believe from the evidence that he was not the owner, but acted only as an intermediary in the sale of the whiskey by the owner to the prosecuting witness, then the question will arise whether, under the statute, they can find the prisoner guilty.

4. A person may be found guilty of violating this law although he is not the actual owner of the whiskey sold in violation of the law. It is not indispensably necessary to be proven that the defendant was the owner or seller of the whiskey in order to warrant a verdict of guilty, for although the defendant was not the owner or seller, yet if he assisted and took part at any stage in the alleged transaction, when he knew, or under the circumstances ought to have known, that it was a sale of whiskey, then he would be an accomplice under our law and equally guilty with the seller.

(*October* 22, 1908.)

LORE, C. J., and GRUBB, J., sitting.

*James M. Satterfield,* Deputy Attorney-General, for the State.

*Richard R. Kenney, A. D. Marshall* and *William P. Shockley* for the defendant.

Court of General Sessions, Kent County, October Term, 1908.

INDICTMENT for selling intoxicating liquor, in Kent County, contrary to the provisions of *Section* 11, *Chapter* 65, *Volume* 24, *Laws of Delaware,*—being the Local Option Law.

GRUBB, J., charging the jury

Gentlemen of the jury:—Andrew Fulman, the defendant, is charged in this indictment with selling in this county, spirituous liquor, to wit, whiskey, to Alexander Roe, the same not then and there being sold by the said Andrew Fulman to the said Alexander Roe for medicinal or sacramental purposes.

This indictment is found under *Section* 11, *Chapter* 65, *Volume* 24 *of the Laws of Delaware*, which is commonly called the Local Option Law. Said section provides that "it shall be unlawful for any person" * * * "to" * * * "sell spirituous, vinous or malt liquors, except for medicinal or sacramental purposes," within Kent County.

Every accused person is presumed to be innocent until proven to be guilty beyond a reasonable doubt; yet a reasonable doubt is not a vague, fanciful, trivial or mere possible doubt, but such a substantial doubt as intelligent, impartial and conscientious jurors may reasonably entertain after a careful consideration of all the evidence in the case. Before you can find a verdict of guilty in this case the State must satisfy you by the evidence before you beyond a reasonable doubt, that Andrew Fulman, the defendant, either sold or assisted in the sale of whiskey, not for medicinal or sacramental purposes, to Alexander Roe, the prosecuting witness, in this county, as alleged in the indictment.

The sale of intoxicating liquor, within the meaning and intent of this law, may be where the owner of whiskey transfers it to the buyer for a valuable consideration, to be paid in money or anything of value which he accepts as payment therefor.

In this case the defendant contends as a ground of defense that he was not the owner of this particular whiskey, that it belonged to another person, a man by the name of D. T. Kilsoe, and therefore he claims that, as he was not the owner, and was not the principal in the sale of the liquor to the prosecuting witness, Roe, that he cannot be convicted by you under this indictment in this case.

A person in whose possession personal property is found, such as whiskey, is presumed to be the owner of the whiskey,

*prima facie*, until that presumption is rebutted by evidence to the contrary. So it is for you to determine in this case whether or not the defendant was the owner of that whiskey. If you believe from the evidence in this case that he was not the owner of that whiskey, but acted only as an intermediary in a sale of that whiskey by the owner to the prosecuting witness, Roe, then you will establish the fact that he was not the owner. The question will then arise whether, under this statute and this indictment, you can find the prisoner guilty.

We say to you that a person may be found guilty of violating this law, although he is not the actual owner of the whiskey sold in violation of the law. It is not indispensably necessary to be proven that the defendant was the owner and seller of the whiskey in order to warrant a verdict of guilty, for although the defendant was not the owner and seller, yet if you find from the evidence that he assisted and took part at any stage in the alleged transaction, when he knew, or under the circumstances ought to have known that it was a sale of whiskey, then he would be an accomplice under our law and equally guilty with the real seller, as *Section 1, Chapter 133 of the Revised Code*, which I will now read to you, provides:

"*Section 1.* Every person who shall abet, procure, command or counsel any other person or persons to commit a crime or misdemeanor" (which this offense is) "shall be deemed an accomplice and equally criminal as the principal offender, and shall be punished in the same manner and with the same punishment."

So that under that provision of law we instruct you that although this man was not the owner of the whiskey, if it was sold, he may be convicted in accordance with the law as I have just stated it to you upon that point, if you find from the evidence that he assisted and took part at any stage in the alleged transaction, when he knew, or under the circumstances ought to have known, that it was a sale of whiskey, because under such circumstances, if you so find, he would be an accomplice and equally guilty with the principal, who actually was the owner and seller to the vendee.

The defendant himself has stated to you upon the stand that he was the go-between, that, although he claims he was not the owner of the whiskey, he did get the money to pay for that whiskey, did go to this man, Kilsoe, and get it from him, and did take it back and deliver it to Roe, and that he paid the money to Kilsoe. If you believe that to be true, the defendant's own statement, then there will be no contradiction of the testimony of the State's witness as to those facts; that he went to the defendant and the defendant went elsewhere to get the whiskey and brought the whiskey back to him, having received for it the money. That was the statement of the prosecuting witness, Roe. It is for you to consider whether there was any contradiction of the prosecuting witness's testimony as to those material facts by the defendant's testimony.

If those facts have been established, and there was actually a sale of this whiskey and in this county, and it was not for sacramental or medicinal purposes, then under that state of facts, if you believe it, you might find this prisoner guilty. If under the evidence you should not find him guilty, of course you would render a verdict of not guilty. You are the sole judges of the facts and you must find your verdict according to the facts, in accordance, however, with the law which we present to you for your guidance in reaching your verdict.

Verdict, guilty.