[S. F. No. 10880. In Bank.—November 3, 1923.]

## PACIFIC STATES SECURITIES CO. (a Corporation), Respondent, v. DAVID H. STEINER, Appellant.

[1] CONTRACTS — SALE OF AUTOMOBILE — WRITTEN AGREEMENT—VOID ORAL AGREEMENT.—Where a contract of purchase and sale of an automobile is reduced to writing, is certain in its terms, is complete on its face, and the purchase price and time of payment of the various installments are therein specified, an oral agreement between the parties which would have the effect of reducing the purchase price is not binding upon the parties or their successors in interest.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John J. Van Nostrand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goldman & Altman for Appellant.

G. J. Irwin for Respondent.

WILBUR, C. J.—The plaintiff brought suit to recover the balance due upon a conditional contract of sale of an automobile, wherein Al. G. Faulkner Company was the seller and the defendant, David H. Steiner, was the purchaser. The seller assigned the contract to the plaintiff who obtained judgment in the trial court for the balance due upon the automobile. Defendant appealed from the judgment upon the judgment-roll alone.

The only defense offered in the trial court was one growing out of an oral agreement made at the time of the sale by which the seller and purchaser agreed that in the event the Marmon Company, the maker of the automobile, should reduce their list prices before the automobile was paid for, a corresponding reduction would be made in the purchase price. The answer sets up the making of this agreement without specifically alleging whether it was a written or oral agreement. But the court specifically finds that this agreement with reference to the reduction in price was an oral agreement. [1] The contract of purchase and sale was

reduced to writing, was certain in its terms, and was complete on its face, and the purchase price was therein specified and the time of payment of the various installments was therein specified. The effect of the oral agreement would be to reduce the purchase price $885 below that fixed in the written agreement, consequently it would directly contradict the express terms of the written contract. (See note, 12 A. L. R. 354.) A written contract cannot be modified by a contemporaneous oral agreement in direct conflict therewith between the same parties (Civ. Code, sec. 1625; Code Civ. Proc., sec. 1856). This is a rule of substantive law (*Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 585 [96 Pac. 319]; *Dollar* v. *International Banking Corp.*, 13 Cal. App. 331, 343 [109 Pac. 499]; *Harding* v. *Robinson*, 175 Cal. 534, 540 [166 Pac. 808]). The oral agreement not being binding upon the parties to the contract would not be binding upon their successors in interest (Code Civ. Proc., sec. 1856).

It is therefore unnecessary to consider the arguments advanced upon the theory that the plaintiff as an assignee of the contract of sale occupies a more favorable position than the seller by reason of a provision in the contract in favor of assignees thereof.

Judgment affirmed.

Myers, J., Lennon, J., Lawlor, J., Seawell, J., Kerrigan, J., and Waste, J., concurred.