[Civ. No. 7620. First Appellate District, Division Two.—October 6, 1931.]

IRVIN KEELER et al., Respondents, v. J. L. MURPHY et al., Appellants.

Heller, Ehrman, White & McAuliffe, Lloyd W. Dinkelspiel and F. Whitney Tenney for Appellants.

Hugh K. McKevitt and Jack M. Howard for Respondents.

DOOLING, J., *pro tem.*—Appellants were the owners of the leasehold and furnishings of the Ramona Hotel in San Francisco. Being desirous of disposing of these properties they entered into negotiations with respondents, who were real estate brokers. Respondents secured an offer from one Swanson to exchange a ranch owned by him for appellants' hotel properties. This offer took the form of a writing embodying an agreement to exchange the properties upon terms set out therein, which was signed by Swanson and transmitted by respondents to appellants for their signatures. ■ Instead of signing this proposed agreement appellants attached thereto a letter signed by themselves which recited that they accepted and approved the proposed agreement "with the following stipulations and conditions added thereto". The letter set out several stipulations different from or additional to those contained in the proposed agreement signed by Swanson and was therefore in legal effect not an acceptance of the contract proposed by Swanson, but a counter offer to him and did not result in a binding contract between Swanson and appellants for the exchange of their properties. ■ However, the proposed agreement as executed by Swanson contained a provision by the terms of which appellants were to pay respondents a commission of $2,500. In

their letter attached to the proposed agreement appellants stated that "the commission of $2500.00 due to Keeler & Graf may be paid by us at any time within sixty days after closing of deal". This amounted to an agreement by appellants to pay respondents a commission of $2,500 upon the exchange of the properties upon the terms set out in the proposed agreement signed by Swanson as modified by the provisions contained in the letter signed by appellants.

One of the conditions contained in the proposed agreement was that Swanson's ranch was subject to an encumbrance "in the amount of $18,000.00 payable $2000.00 per year". It developed that this encumbrance was in fact a flat obligation contained in a note by the terms of which the entire $18,000 was payable one year after the date of the note's execution. After extended negotiations the exchange failed of consummation and upon the refusal of appellants to pay the commission, respondents sued and recovered judgment for $2,500, from which appellants take this appeal.

Under section 1624, subdivision 6, of the Civil Code, an agreement authorizing a broker to purchase or sell real estate for compensation must be evidenced by a memorandum subscribed by the party to be charged. Respondents rely upon the letter subscribed by appellants and attached to the proposed agreement signed by Swanson to satisfy this requirement. Appellants, on the other hand, contend that since their agreement as evidenced by these writings was to pay the commission only in case an exchange was effected upon the conditions prescribed in the proposed agreement as modified by their counter offer, and since Swanson was unable to comply with the condition that the ranch should be subject to an $18,000 encumbrance payable $2,000 per year they are not bound by the terms of the memorandum to pay a commission to respondents.

In the trial court respondents met this contention by offering oral testimony which was received over appellants' objection tending to prove first: that Swanson had an oral agreement with the bank by which he was to pay only $2,000 per year on the $18,000 obligation and that the bank was willing to make the same terms orally with appellants in the event that they acquired the ranch; second: that at the time the proposed agreement was drawn appellants were advised of this fact and were satisfied to accept the ranch subject to

the existing encumbrance; and third, that following the counter proposal contained' in their letter appellants orally agreed to accept the ranch subject to the existing obligation. The trial court found in accordance with this testimony.

■ Appellants attack the reception of this evidence and the making of findings based thereon as error, pointing to section 1698 of the Civil Code, which provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise." The cases are clear under this section that an oral agreement is not executed within the meaning of the code unless it has been fully performed by both parties. (*Pearsall* v. *Henry*, 153 Cal. 314, 325 [95 Pac. 154, 159], and cases cited therein; Civ. Code, sec. 1661.) Applying this rule it is clear that any subsequent oral agreement to accept the ranch subject to the existing encumbrance was not executed within the meaning of Civil Code, section 1698, and hence evidence thereof was improperly received.

■ As to evidence that the bank had agreed orally to the payment of the $18,000 at the rate of $2,000 per year and that appellants knew this fact and were satisfied with it prior to the drawing of the proposed agreement it is settled that "a written contract cannot be modified by a contemporaneous oral agreement in direct conflict therewith between the same parties". (*Pacific States Securities Co.* v. *Steiner*, 192 Cal. 376 [220 Pac. 304, 305].) ■ Respondents say that this evidence was properly admissible to explain the intention of the parties. But in our judgment the provision that the ranch shall be subject to an encumbrance "in the amount of $18,000.00 payable $2,000.00 per year" is not ambiguous and does not admit of the reception of oral evidence to explain its meaning. An encumbrance payable $2,000 per year clearly means one so payable by its terms. The oral agreement by the bank to receive payment at the rate of $2,000 per year would not be legally binding on the bank (*Henehan* v. *Hart*, 127 Cal. 656 [60 Pac. 426]), which could still enforce the payment of the note according to its terms if for any reason it saw fit.

■ Respondents rely on cases of which *Toomy* v. *Dunphy*, 86 Cal. 639 [25 Pac. 130], is typical where the memorandum did not set out all of the terms of the proposed transaction and oral evidence was admitted to supply the

omitted terms. Such cases are distinguishable from this where the terms upon which appellants were willing to exchange are fully set forth in the memorandum. In the cases of this class relied upon by respondents oral evidence was properly admitted to supply terms omitted from the memorandum which on its face was incomplete. They are not authority for the admission of oral evidence to vary or contradict a plain provision of the memorandum.

*Moore* v. *Borgfeldt*, 96 Cal. App. 306 [273 Pac. 1114], is typical of the other class of cases relied on by respondents. There an exchange was actually consummated between the parties, but on different terms than those provided in the memorandum; and the court allowed the recovery of the broker's commission on the express ground that the terms of the writing had been varied by a fully executed oral agreement. The case would be comparable to ours if appellants had actually exchanged their properties for Swanson's ranch subject to the existing encumbrance. The analogy between the cases fails, however, because in our case the oral agreement, if one was made, was never executed by the parties. No case has been cited by respondents holding that an explicit term of the memorandum relied upon by the broker can be shown to have been orally modified by the parties in the absence of the further showing that the oral modification was subsequently executed by them.

Respondents' difficulty is that they are relying upon a written memorandum which called for an exchange upon certain specific terms and one of those terms the other party to the proposed exchange was unable to meet. The case is typical of the very evil sought to be avoided by the addition of subdivision 6 to section 1624 of the Civil Code. The oral testimony was in sharp conflict, all of the appellants denying that prior to the signing of the letter attached to the proposed agreement they were advised of the true terms of the $18,000 encumbrance and all of them denying that they ever subsequently agreed to accept the ranch with the existing encumbrance thereon. It was to avoid the determination of such questions upon the uncertainty of conflicting oral testimony that subdivision 6 was added to Civil Code, section 1624. Courts should not be over eager to thwart the purpose of the legislature in the adoption of such legislation. In the

last analysis this case is simply one in which respondents are seeking to vary or alter a plain term in a written agreement by oral testimony. This, under settled principles, they are not entitled to do.

██ Finally respondents say in their brief "that it is felt that there is considerable merit to the contention that respondents' contract of employment did not need to be evidenced by a writing", citing *Guy* v. *Brennan*, 60 Cal. App. 452 [213 Pac. 265]. The manner in which respondents make the point indicates that they have no great faith in it themselves. The case cited dealt with the sale of a leasehold interest for cash and the court held that a leasehold interest is not "real estate" within the meaning of Civil Code, section 1624, subdivision 6, and hence that the broker could recover a commission without the production of a written memorandum. Here the commission was to be paid for exchanging the hotel properties for land. In effect it was a proposed agreement to purchase the land, the consideration for the purchase being the hotel properties instead of cash. Almost universally where the question has arisen it has been held that an exchange is a purchase or sale within the meaning of the statute of frauds. Thus an exchange of real property for personal property is within the statute covering sales of real property (*Dowling* v. *McKenney*, 124 Mass. 478; *Poplin* v. *Brown*, 200 Mo. App. 255 [205 S. W. 411]; *Peterson* v. *Nichols*, 110 Wash. 288 [188 Pac. 498]; *McGough* v. *Finley*, (Tex. Civ. App.) 179 S. W. 918; *Rutan* v. *Hinchman*, 30 N. J. L. 255), and an exchange of personal property for personal property is a sale of goods, wares and merchandise within the section of the statute covering sales of personal property (27 C. J., p. 233; *Franklin* v. *Matoa G. M. Co.*, 158 Fed. 941, 943 [14 Ann. Cas. 302, 16 L. R. A. (N. S.) 381]; *Ash* v. *Aldrich*, 67 N. H. 581 [39 Atl. 442]; *Kuhns* v. *Gates*, 92 Ind. 66; *Aya* v. *Morson*, 90 Or. 647 [178 Pac. 207]). We entertain no doubt, therefore, that this was a contract employing respondents to purchase real estate within Civil Code, section 1624, subdivision 6.

For the errors discussed the judgment is accordingly reversed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 5, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 3, 1931.