STATE OF TEXAS V. STANOLIND OIL & GAS COMPANY ET AL.

Application No. 27,214.

W. C. ELMS, JR., V. STANOLIND OIL & GAS COMPANY, ET AL.

Application No. 27,215. Decided October 6, 1943.
(174 S. W., 2d Series, 588.)

*Gerald C. Mann,* Attorney General, *Cecil C. Rotsch* and *Fagan Dickson,* Assistants Attorney General, for the State, and *W. E. Jones,* of Longview, for Elms, petitioners.

*Fountain, Cox & Sandlin, M. E. Sandlin, Barksdale Stevens and Robt. F. Higgins,* all of Houston, *Bramlette, Levy & Bolton,* and *H. P. Smead,* all of Longview, *W. W. Mason,* of Mexia, *Turner, Rodgers & Winn* and *Frank J. Scurlock,* and *Prentice Wilson,* all of Dallas, *Thompson, Walker, Smith & Shannon,* of Fort Worth, *James B. Henderson* and *H. C. Walker, Jr.,* both of Shreveport, La., *W. F. Semple, Y. P. Broome* and *Donald Campbell,* all of Tulsa, Okla., for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This case is before us on the two applications for writs of error above indicated. The appeal is from Cause No. 6066, W. C. Elms, Jr., et al, Appellants, v. Bascom Giles et al, Appellees, decided by the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas, at Texarkana. The opinion of the Court of Civil Appeals, which is reported in 173 S. W. (2d) 264, makes a full and correct statement of the facts and issues of this case. An examination of the opinion of the Court of Civil Appeals shows that the district court dismissed this case because of the lack of necessary parties defendant. The judgment of the Court of Civil Appeals affirms such judgment of dismissal.

The State of Texas contends that, even if the district court was correct is dismissing this cause for lack of necessary parties defendant, it should have set aside the order of the Commissioner of the General Land Office refusing this application for a vacancy, and then dismissed this cause without prejudice to the right of W. C. Elms, Jr., to file a new application, and without prejudice to the right of the State of Texas, through its Attorney General, to file a new suit under the authority of Article 5240, Vernon's Annotated Civil Statutes. Of course, if the district court properly entered judgment dismissing this cause for lack of necessary parties defendant, it properly did

not attempt to act on the order of the Land Commissioner one way or the other.

We refuse the applications for writs of error filed in this cause by the State and by Elms, because we are of the opinion that the district court properly dismissed this cause for lack of necessary parties defendant. In regard to this matter we approve the opinion of the Court of Civil Appeals. The legal effect of such dismissal is left as an open question, to be decided in any future legal proceedings involving the subject matter of this litigation.

Opinion delivered October 6, 1943.