[Civ. No. 16141.   Second Dist., Div. Three.   Aug. 2, 1948.]

LAWRENCE A. JENNINGS et al., Appellants, v. THE PETROL CORPORATION (a Corporation), Respondent.

John Gratton and David P. Hatch for Appellants.

Gordon Lawson and Orris R. Hedges for Respondent.

SHINN, Acting P. J.—Appeal by plaintiffs from a judgment of nonsuit in an action for damages based upon the termination of a gasoline service station sublease. One Vales owned a lot on Manchester Avenue in Inglewood. Plaintiff, Lawrence A. Jennings, took a five-year lease running from November 1, 1941, on a portion of the lot, a garage building and wash rack, at a rental of $40 per month. Vales built a service station on the lot and leased the same to the Petrol Corporation at $60 per month for the same term as that of the Jennings lease. Jennings subleased to Petrol the garage building and wash rack at $1.00 per month, and Petrol then subleased the entire property to Jennings at a rental of 1 cent per gallon for Petrol products purchased by Jennings, with a minimum of $60 and a maximum of $110 per month. At the same time Petrol and Jennings entered into an agreement for the sale of Petrol products in the station, the term of the agreement to be coextensive with the term of the sublease to Jennings. The entire property was occupied and operated by Jennings until March 1, 1943, at which time the parties terminated the sublease and sales agreement and entered into a new lease and a new agreement which differed from the first ones only in respect of the rental for the service station, the guarantee of the minimum rental being waived by Petrol. Evelyn S. Jennings was a party to the new lease and agreement. Jennings carried on his business on the property until June 7, 1945, when he received a notice from Petrol of termination of the sublease and agreement. This action by Petrol was taken pursuant to a provision of the sublease, which also was in the original lease, reading, "sublessor may terminate this lease at any time by giving sublessee three (3) days written notice of its intention to do so." It was alleged in the complaint that plaintiffs had first refused to enter into the sublease unless the quoted paragraph should be deleted, "But defendants and its agents promised and assured plaintiffs that if they would accept these instruments and perform their obligations to the defendant thereunder that these instruments would not be cancelled by defendant during the unexpired

term of their lease on said garage building and wash rack'';
that defendants believed the promises and assurances, exe-
cuted the instruments in reliance thereon and would not have
done so except for said promises and assurances. It was al-
leged that plaintiffs had built up a business which made them
a profit of over $8,000 per year and that they had been damaged
by the termination of the agreements in the sum of $56,000.
Plaintiffs' evidence was to the effect that the agents of Petrol
represented to them that Petrol would not avail itself of its
right to terminate the lease and agreement except in the event
of the failure by plaintiffs to conduct their business in a proper
and businesslike manner, and the evidence was to the further
effect that plaintiffs' business had been run properly and with-
out any disagreement with defendant until Petrol expressed
the desire to purchase the business and plaintiffs fixed a price
for it that Petrol was unwilling to pay. Inasmuch as a nonsuit
was granted the evidence fails to disclose any reason or ground
for termination of the lease and agreement other than Petrol's
desire to avail itself of the privilege reserved as aforesaid.

It was not alleged in the complaint that the promises and
assurances of Petrol were made without intention to keep and
perform the same nor that they were made in bad faith. De-
fendant made timely objection to the receipt of evidence of
the representations allegedly made by Petrol. The court over-
ruled the objections, stating that the evidence would be re-
ceived not to alter or add to the written agreement, but as
evidence tending to prove fraud on the part of Petrol. The
evidence was admitted under a misconception as to the scope of
the issues. There was no issue of fraud. It was the theory
of the plaintiffs in their complaint, and it is their theory on
appeal, that the alleged oral promise of Petrol not to terminate
the lease except for cause was valid and enforcible. The law
is otherwise. ■ It is the settled rule that when an agree-
ment has been reduced to writing it is to be taken as the entire
agreement of the parties with respect to all matters embraced
within the writing and that no contemporaneous oral agree-
ments respecting such matters can be given effect to add to,
subtract from, or otherwise vary the terms of the writing.
(Civ. Code, §§ 1625, 1698; *Lindemann* v. *Coryell,* 59 Cal.App.
788 [212 P. 47]; *Bank of America etc. Assn.* v. *Pendergrass,*
4 Cal.2d 258 [48 P.2d 659]; *Pacific States Securities Co.* v.
*Steiner,* 192 Cal. 376 [220 P. 304].) The rule, of course, does

not embrace writings which, through mistake or imperfection of expression fail to state the true intention of the parties, nor does it bar proof to explain ambiguities or to establish illegality or fraud. (Code Civ. Proc., § 1856.) But we have a case governed by the rule and not by any of the exceptions.

■ Petrol was given the unconditional right to terminate the sublease upon three days' notice. The oral agreement was merely to the effect that this clause would not be invoked against Jennings, or in other words, it was, in substance, an oral agreement to delete the provision in question. To give effect to the oral agreement would be to reform the lease by depriving Petrol of the right to terminate it except for cause, under other clauses which provided for termination by Petrol in case of the lessees' failure to perform their obligations.

■ In the absence of any allegation of fraud on Petrol's part in making the alleged promises, and without other allegations which would be sufficient to bar Petrol from exercising its right under the questioned clause, the complaint stated no cause of action, and the evidence of the alleged promises was improperly admitted. Inasmuch as a judgment in plaintiffs' favor would have been unsustainable the motion for nonsuit was properly granted.

The judgment is affirmed.

Wood, J., and McComb, J. assigned, concurred.