

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 11, 1951

Hon. John Dowdy
District Attorney
Athens, Texas

Opinion No. V-1314

Re: Compensation of steno-
grapher or clerk to the
District Attorney of
the 3rd Judicial Dis-
trict under the provi-
sions of Senate Bill
212, Acts 52nd Leg.,
R.S. 1951, ch. 365, p.
617.

Dear Sir:

You request an opinion as to whether the
provisions of Senate Bill 212, Acts 52nd Leg., R.S.
1951, ch. 365, p. 617 (codified as Article 326k-19,
V.C.S.), relative to the approval and payment of a
salary for a stenograper or clerk appointed under
this statute are mandatory. You also ask what sal-
ary this employee may receive under the stated facts,
if these provisions are mandatory.

Section 1 of Senate Bill 212 provides:

"Any District Attorney in the State
of Texas in a judicial district contain-
ing two (2) or more counties is author-
ized to employ a stenographer or clerk
who shall receive a salary not to exceed
Twenty-four Hundred ($2400.00) Dollars
per annum, to be fixed by the District
Attorney and approved by the combined
majority of the Commissioners Courts of
the counties composing his judicial dis-
trict. The salary of such stenographer
or clerk provided for in this Act shall
be paid monthly by the Commissioners
Court of each county composing the judi-
cial district, pro-rated apportionately
to the population of the county."

You state in your letter that the commis-
sioners' court of one of the counties comprising the
Third Judicial District has declined to approve a
salary for this employee.

In Att'y Gen. Op. V-1201 (1951) this office construed the provisions of Senate Bill 444, Acts 52nd Leg., R.S. 1951, ch. 374, p. 640, to be mandatory. Section 1 of that bill provides in part:

"The District Attorney of the 100th Judicial District of Texas is hereby authorized to appoint a stenographer who shall receive a salary not to exceed Twenty-four Hundred ($2400.00) Dollars per annum. Said salary shall be fixed and determined by the District Attorney of said Judicial District, and the District Attorney shall file with the Commissioners Court of each county in said District a statement specifying the amount of salary to paid said stenographer. Said salary shall be paid monthly by the Commissioners Court of each county comprising said District in the manner and on the same pro-ratio basis as that contained in the order of the District Judge of such Districts for the payment of the salary of the official shorthand reporter."

It is stated in this opinion:

"In 2 Sutherland, Statutory Construction (3rd Ed. 1943) 216, it is stated:

"'Although in every case the legislative intent should control in determining whether a statute or some of its provisions are mandatory there are, nevertheless, certain forms and certain types of statutes which generally are considered mandatory. Unless the context otherwise indicates the use of the word "shall" (except in its future tense) indicates a mandatory intent.'

"In Elms v. Giles, 173 S.W.2d 264, 268 (Tex. Civ. App. 1943, error ref. 141 Tex. 446, 174 S.W.2d 588), the court, in construing an act to determine whether it was mandatory or permissive, stated:

"'. . . By the use of the word "shall" in each of the provisions above quoted, the Act makes it mandatory that such notices be given. . . .'

"The word 'shall' is used in Senate Bill 444 in each instance wherein the duties of the commissioners' courts are prescribed. In view of the foregoing, it is our opinion that Senate Bill 444, Acts 52nd Leg., 1951, is mandatory in regard to the provisions relating to the duties of the commissioners' courts involved."

In Att'y Gen. Op. V-749 (1948) it was held that it was mandatory under Article XVI, Section 61 of the Constitution of Texas that all of the constables of this State be paid a reasonable salary.

Although there were involved in Att'y Gen. Ops. V-749 and V-1201 different constitutional and statutory provisions than are involved in your request, it is our opinion that the principles of law announced in these opinions are applicable to Senate Bill 212. You are advised, therefore, that it is mandatory that the stenographer or clerk of the District Attorney of the Third Judicial District, composed of Anderson, Henderson, and Houston Counties, be paid a reasonable salary. What constitutes a reasonable salary, however, "is left to the sound discretion of the Commissioners' Courts." Att'y Gen. Op. V-749 (1948).

## SUMMARY

Under the provisions of S.B. 212, Acts 52nd Leg., R.S. 1951, ch. 365, p. 617, it is mandatory that the stenographer or clerk of the District Attorney in a judicial district containing two or more counties be paid a reasonable salary not to exceed $2400.00

per annum. The question of what con-
stitutes a reasonable salary is left
to the sound discretion of the Com-
missioners' Courts. Att'y Gen. Ops.
V-1201 (1951) and V-749 (1948).

APPROVED:                            Yours very truly,

J. C. Davis, Jr.                        PRICE DANIEL
County Affairs Division             Attorney General

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson                  By *John Reeves*
Executive Assistant                     John Reeves
                                            Assistant

JR:awo