McKINNEY et ux. v. CITY OF
ABILENE et al.

No. 2942.

Court of Civil Appeals of Texas. Eastland.

July 18, 1952.

Rehearing Denied Sept. 5, 1952.

Scarborough, Yates, Scarborough & Black, Abilene, for appellant.

Wilson Johnston, Roy L. Duke, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by the City of Abilene against Brooks McKinney and wife, Glenna McKinney, to cancel, set aside, declare void and of no force and effect a deed to 1.23 acres of land executed by the City to McKinney and wife and to declare void and of no force and effect a deed to 1.23 acres of land executed by McKinney and wife to the City. The City made a motion for judgment on the pleadings and after a hearing and consideration of the pleadings, and the agreed stipulation of facts filed by the parties, the court entered judgment for the City setting aside and declaring void its deed to McKinney and wife and also set aside and declared void and of no force and effect the deed from McKinney and wife to the City. From such judgment McKinney and wife have appealed.

It was alleged and was agreed in the stipulations filed that the City of Abilene was at all times relevant hereto a municipal corporation chartered by Act of Legislature of the State of Texas and that such charter on March 23, 1951, contained the following provision:

"Before any land owned by the City of Abilene may be sold, the Board of Commissioners shall cause to be published in a daily newspaper of general circulation in the City of Abilene,

a notice of the time and the place at which a public hearing will be held at which all interested persons shall be given an opportunity to be heard in support of or in opposition to such proposed sale, such notice to be published not less than ten (10) days before the time of such hearing."

The City was in the process of building a pump station on the Clear Fork of the Brazos River for the purpose of pumping flood waters into its Fort Phantom Hill Lake as a source of the municipal water supply. To accomplish this purpose, the City needed a water line across the 1.23 acre tract of land owned by McKinney and wife. Such water line has now been constructed thereon.

On March 23, 1951, the City and McKinney agreed that McKinney should make a deed to the City conveying the 1.23 acre tract belonging to him and that as a consideration therefor, the City would convey a tract of 1.23 acres of its land to McKinney. The exchange was accomplished by deed by and to the respective parties and no consideration passed between them except the exchange of the property involved.

The Board of Commissioners of the City of Abilene did not comply with the charter provision with reference to giving notice of hearing. Although there was a daily newspaper of general circulation published in the City of Abilene at the time, there was no publication of notice of any nature of the proposed exchange of land or of the proposed disposition of the land owned by the City. No public hearing was had at which interested parties were given an opportunity to be heard. No notice of any nature was given to Sam Houston who held a lease from the City covering property which included the tract conveyed by the City to McKinney.

It is contended by appellants that an exchange of property is not a sale of property and that since an exchange is shown in this case, the charter provision requiring the City to advertise and have a hearing of any proposed "sale" of its property does not apply. We cannot agree with this contention. Although there is a tech-nical distinction between a sale and an exchange of property, a sale in its broadest sense comprehends any transfer of property from one person to another for a valuable consideration. 38, Words & Phrases, Sale, page 105.

The purpose of the quoted provision of the charter of the City of Abilene was to throw a safeguard around land owned by the City in order that it might not be disposed of without due consideration and prior knowledge by interested parties and citizens of the community. To accomplish this purpose a hearing after ten days' notice in a newspaper of general circulation in the City is required at which all interested persons must be given an opportunity to appear and be heard in support of or in opposition to the proposed "sale." No requirement of notice or hearing for an exchange or other disposition of the City's property is provided in the charter unless it was the intention that such disposition of the City's land be covered by the provision concerning "sale." If the word "sale" is construed in a narrow and restricted sense so as to exclude an exchange or any other means by which a city's real estate may be disposed, then there is no protection or safeguard to the city's property except in the case of a "sale" in the technical and narrow sense. Such a construction would, in our opinion, defeat the purpose and intent of the charter provision. It is stated in 39 Tex.Jur., page 172:

"An important rule to be observed in a statutory interpretation is that an act should be given a fair, rational, reasonable and sensible construction, considering its language and subject matter, and with a view of accomplishing the legislative intent and purpose."

In statutes, the word "sale" is usually construed as including an exchange of property. Associates Discount Corporation v. C. E. Fay Co., 307 Mass. 577, 30 N.E.2d 876, 880, 132 A.L.R. 519. See also James v. State, 124 Ga. 72, 52 S.E. 295; Howell v. State, 124 Ga. 698, 52 S.E. 649; State v. Fullman, 7 Pennewill, Del., 123, 74 A. 1; Dickinson v. Lawson, 125 Neb. 646, 251 N.W. 656; Berger v. United States Steel

Corp., 63 N.J.Eq. 809, 53 A. 68; Associated Gas & Electric Co. v. Public Service Commission, 221 Wis. 519, 266 N.W. 205; Keeler v. Murphy, 117 Cal.App. 386, 3 P.2d 950, 952.

We hold that the provision of the charter of the City of Abilene restricting the "sale" of City property should be construed in a broad sense so as to cover and apply to the disposition of land owned by the City by means of an exchange. It is agreed that the charter provision requiring notice and hearing was not complied with.

The effect of the failure of the Board of Commissioners of the City of Abilene to comply with the charter provisions requiring notice and hearing of the "sale" was to render the transaction void and the court did not err in so holding. Culver v. Miears, Tex.Civ.App., 220 S.W. 2d 200; Wyatt Metal & Boiler Works v. Fannin County, Tex.Civ.App., 111 S.W.2d 787; Wilder v. American Produce Co., Tex.Civ.App., 147 S.W. 936; Elms v. Giles, Tex.Civ.App., 173 S.W.2d 264; 141 Tex. 446, 174 S.W.2d 588.

The judgment is affirmed.

### On Motion for Rehearing.

Article 3264, Vernon's Revised Civil Statutes of Texas authorizes and requires a city to make or to attempt to make, unless it is futile to do so, a private agreement with the owner of real estate prior to the filing of condemnation proceedings. It is particularly urged in appellants' motion for rehearing that a city has the right to purchase property proposed to be condemned by private agreement with the owner, and to pay therefor in cash or in land owned by the city, and that such authority of the city to make a private trade constitutes an exception to and relieves the city from the necessity of complying with its charter provision requiring notice and hearing of intention to sell its land. We know of no reason why such an exception should be made to the requirements of the charter provision. There is no question but that the city of Abilene had the inherent and paramount right to take property needed for public purposes and authority to make a private agreement with the owner, compensating him for the land taken. Such right and authority to make a private trade with appellants concerning the compensation to be paid them did not, however, empower the city to pay appellants for their land by conveying to them land which belonged to the city without complying with the city's charter regulating the sale of its land. The conveyance was in fact a "sale" of the land belonging to the city. Since it is agreed that the charter provision requiring notice and hearing of the sale was not complied with, the conveyance was void. This point is controlling.

The case of City of San Antonio v. Grandjean, 91 Tex. 430, 41 S.W. 477 is not, in our opinion, authority for the contention urged by appellants. The holding of the Supreme Court in that case was that since the taking of land for public use is not dependent upon the consent of the owner, that compliance with the requirements as to conveyances by married women is unnecessary; that a married woman may, with the consent of her husband, waive the invalidity of a condemnation of her separate property by accepting the compensation awarded. The amount of compensation to which she was entitled was the only matter covered by their agreement. The cited case deals with the power of a married woman, with the consent of her husband, to agree upon the amount of compensation she shall receive for land taken from her for public use without necessity of her consent. Since her consent was not required, compliance with statutory provisions concerning conveyance by her was not necessary. The case does not indicate or imply that a city may compensate the land owner for property so taken by a conveyance of land belonging to the city in violation of its charter provision. The consent of the city to such a conveyance of its land is necessary. It is also necessary that the conveyance shall comply with the city charter. The motion for rehearing is overruled.