### MAXFIELD v. DUNAGAN et al.
#### No. 14655.

Court of Civil Appeals of Texas. Dallas.

Dec. 12, 1952.

Chaney & Davenport and Shirley W. Peters, Dallas, for relator.

Wynne & Wynne and Gordon R. Wynne, Wills Point, Chilcote & Clark, Tyler, Vinson, Elkins & Weems and C. E. Bryson, Houston, for respondents.

CRAMER, Justice.

Relator was plaintiff in the District Court of Van Zandt County in an action seeking to establish a vacancy in certain lands in said County and his "right to a superior claim, right, interest and estate in and to the oil, gas and mineral estate in the land * * *" described in his petition, and for general relief. His petition alleged facts with reference to his negotiations with the Land Commissioner and named claimants to the land; the rejection of his claim of vacancy by the Land Commissioner, and the filing of his suit in the District Court. Relator alleged that a

number of the defendants made motions for summary judgment; that the motions were sustained and a take nothing summary judgment entered as to those defendants.

The transcript on the attempted appeal from the above described judgment has been tendered to this Court for filing and is now before us. The petition of relator (in part) recites:

"That each and all of the defendants named herein, other than the defendants Bascom Giles, Commissioner of the General Land Office of the State of Texas, and Price Daniels, Attorney General of the State of Texas, is and are claiming some character of right, title, interest and estate in and to the land described in paragraph III of plaintiff's original petition or some part or parts thereof, which is adverse, superior, inconsistent with and prior to the rights and claims of the plaintiff as herein alleged, the exact nature and extent of such hostile claims of each and all of the defendants, respectively; and that the plaintiff's right, title, interest, estate and claim, as herein alleged, are and have been at all times since September 3, 1947, superior to and prior to any and all such claimed rights of the several defendants, if any, and that such claimed rights, if any, are subordinated and subject to the rights of the plaintiff herein alleged."

The judgment, omitting portions not material here, was as follows:

"On this, the 24th day of September, 1952, in the above styled and numbered cause came on for hearing the motions for summary judgment of * * * (naming defendants filing the motions) * * * against the said J. S. Maxfield, when came the defendants hereinabove referred to and who had filed said motions for summary judgment, by and through their attorneys of record, and also came the plaintiff, J. S. Maxfield, in person and by and through his attorneys of record, and the said defendants and plaintiff announced ready for trial on the hearings of said motion for summary judgment, and the intervenor, the Honorable Bascom Giles, in the capacity of Commissioner of the General Land Office, and the State of Texas, each having heretofore intervened in this cause, appeared at such hearings on said motions for summary judgment by and through the Attorney General of the State, acting by the Honorable K. B. Watson, Assistant Attorney General of the State of Texas. Thereupon, the court after such motions, together with the accompanying affidavits and exhibits, and the verified answer and exhibits of the plaintiff had been submitted, * * * and the court, after having considered the pleadings, together with the affidavits on file and the other matter which the court under Rule 166(a) of the Rules of Civil Procedure of Texas was required and had the right to consider, and after having considered the briefs of the parties filed in support of and against such motions, as well as oral arguments of counsel, is of the opinion, and so finds, that there is an absence of any genuine issue of material fact on which a judgment could be rendered by the court in favor either of the plaintiff, J. S. Maxfield, or of the State of Texas against any of the defendants named in said motions for any of the relief sought by the plaintiff, and that the several motions of the defendants herein should be in all things sustained and that the defendants filing said motions are entitled to a summary judgment as a matter of law dismissing this cause as to them with prejudice to the plaintiff and the intervenor, the State of Texas, and the Honorable Bascom Giles, as Commissioner of the General Land Office of the State of Texas;

"It Is Therefore Ordered, Adjudged and Decreed that the motions of defendants hereinabove named by and they are hereby sustained.

"It Is Further Ordered, Adjudged and Decreed that this cause be as to the defendants hereinabove named who filed such motions for summary judgment and the same is hereby in all

dismissed with prejudice to the plaintiff, J. S. Maxfield, the State of Texas, and the Honorable Bascom Giles, in the capacity of Commissioner of the General Land Office of the State of Texas, * * *.

"To the foregoing judgment, ordered and ruling of the Court the plaintiff, J. S. Maxfield, then and there excepted and in open court gave notice of appeal to the Court of Civil Appeals * * *."

The motion to vacate the judgment asserted that it was not a final judgment "* * * in that such order does not adjudge the rights, nor dispose of all the parties to said suit, the names of said parties and the nature of said suit as to them and their contentions being more particularly shown by the pleadings, * * *," etc.; and further alleges that the court intended to render a final judgment from which an appeal could be prosecuted, "* * * Whereas the order entered herein is only an interlocutory order * * *." Maxfield prayed that the judgment "be in all things vacated and set aside and that such form of order, judgment and ruling be made and entered as may conform to the court's findings and rulings thereon; or, in the alternative, that said cause be set for trial on the merits as to remaining parties, and such further proceedings and orders as may be meet and proper."

The motion was overruled by the trial court by orders dated Oct. 3 and Oct. 20; appeal bond was filed Oct. 21.

The above record shows clearly that the trial court at the time he entered the summary judgment disposed only of those defendants filing motions for summary judgment; that only such motions were sustained. The judgment was and is therefore interlocutory and there has been no judicial determination of the rights, and no disposition of the case, as to the parties not filing motions for summary judgment. Under such pleadings of relator each defendant was a necessary party to the cause of action alleged. State v. Stanolind Oil & Gas Co. [Elms v. Stanolind Oil & Gas Co.] 141 Tex. 446, 174 S.W.2d 588, by the Supreme Court.

A judgment is appealable only when it disposes of all parties or disposes of some independent severed severable interest, issue, or right. The case under the present record is not severable as to defendants and therefore should be set for trial and final judgment entered at the earliest time possible, considering the condition of the trial court's docket.

It is therefore our order that the transcript be not filed.

It is our further order that no process issue herein unless affidavit is filed showing a necessity therefor.

BOND, C. J., not sitting.