

# THE ATTORNEY GENERAL
# OF TEXAS

March 27, 1987

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas    78774

Opinion No. JM-659

Re: Whether a municipality which does not at present impose a property tax may impose the 1/2 percent additional sales tax authorized by Acts 1985, 69th Leg., 3rd C.S., ch. 10 [House Bill No. 79]

Dear Mr. Bullock:

Section 12 of House Bill No. 79, enacted during the recent third called session, amends article 1066c, V.T.C.S., the Local Sales and Use Tax Act, by adding section 2A, which permits cities to adopt in certain instances an additional one-half percent local sales and use tax. Acts 1985, 69th Leg., 3rd C.S., ch. 10, §12, at 29-36. You ask the following three questions:

> 1. May a city which does not currently impose a local property tax impose the 1/2 percent additional tax authorized by House Bill No. 79, Acts 69th Legislature, Third Called Session, chapter 10?

> 2. If the answer to question number 1 is 'yes,' may all the sales tax revenue be used to reduce lawful city debt and for other uses consistent with the city's budget?

> 3. May a city simultaneously adopt a local property tax and impose the 1/2 percent additional sales tax?

We conclude that a city that currently does not impose an ad valorem tax may not impose the additional one-half percent Local Sales and Use Tax authorized by House Bill No. 79. Because we answer your first question in the negative, we need not address your second question. Finally, we conclude that a city simultaneously may not impose an ad valorem tax for the first time and the additional local sales and use tax.

You first ask, "May a city which does not currently impose a local property tax impose the 1/2 percent additional tax authorized by House Bill No. 79?" Section 12 of House Bill No. 79 permits the imposition of the tax either by a vote of the governing body or by petition and election by the requisite number of qualified voters. Subsection F of section 12 specifies the contents of the ballot proposition and provides the following in pertinent part:

> F. The ballot at such election shall be printed to provide for voting for or against the following proposition:
>
> 'The adoption of an additional one-half of one percent (1/2%) local sales and use tax within the city <u>to be used to reduce the property tax rate.</u>' (Emphasis added).

V.T.C.S. art. 1066c, §2A, subdiv. F.

Section 16 of House Bill No. 79 amends article 1066c, V.T.C.S., by adding subsection (b) to section 9, which sets forth the purposes for which such additional tax revenue may be expended. Section 16 contemplates that the revenue generated by the additional tax will be used for the maintenance and operation of the city; the amount of additional revenue generated that is in excess of the amount calculated under section 26.04(c) of the Tax Code (<u>i.e.</u> the amount representing the previous year's ad valorem tax levy for purposes of the effective tax rate calculation in the present tax year), will be used for debt service. Section 16 provides the following:

> SECTION 16. Section 9, Local Sales and Use Tax Act (Article 1066c, Vernon's Texas Civil Statutes), is amended [V.T.C.S. art. 1066c, §9] to read as follows:
>
> Sec. 9. (a) Money collected under this Act is for the use and benefit of the cities of the state; but no city may pledge anticipated revenue from this source to secure the payment of bonds or other indebtedness.
>
> (b) In each year in which a city imposes an additional city sales and use tax under Section 2A of this Act, if the revenue from the collection of the additional tax exceeds the amount of taxes calculated for the city under Section 26.04(c), Tax Code, the excess shall be deposited in an account to be called the city sales tax debt service fund. Revenue deposited in the city sales tax debt service fund may be spent only for the reduction of lawful debts of the city, except that

deposits that exceed the amount of revenue needed to pay the debt service needs of the city in the current year may be used for any city purpose consistent with the city budget.

Acts 1985, 69th Leg., 3rd C.S., ch. 10, §16, at 40.

Section 17 of House Bill No. 79 amends chapter 26 of the Tax Code by adding section 26.041, which governs the calculation of the city's effective tax rate in each tax year in which the city imposes the additional sales and use tax. The effective tax rate calculation is designed to provide taxpayers with an accurate means of determining the amount of increase or decrease in property taxes levied from one year to the next. The "effective tax rate" is the tax rate that will produce both the revenue necessary to satisfy the taxing unit's debt payment obligations for the year in which the rate is calculated and the same amount of operating revenue levied on properties taxed in the previous year and taxable in the current year. See Attorney General Opinion MW-495 (1982). Section 17 requires a city to determine the amount of additional revenue that it anticipates will be generated by the imposition of the additional local sales and use tax authorized by House Bill No. 79 and to factor that amount into its effective tax rate. In the calculation, the amount of additional tax the city anticipates will be generated is subtracted from the amount of ad valorem tax revenue generated in the previous year; the effective tax rate is then accordingly reduced. Section 17 provides in pertinent part:

SECTION 17. Chapter 26, Tax Code, is amended by adding [Tax Code §26.041] Section 26.041 to read as follows:

Sec. 26.041. TAX RATE OF CITY IMPOSING ADDITIONAL SALES AND USE TAX. (a) In each tax year in which a city imposes an additional sales and use tax under Section 2A, Local Sales and Use Tax Act (Article 1066c, Vernon's Texas Civil Statutes), the governing body may not adopt a tax rate that exceeds the tax rate calculated under Section 26.04 of this code and adjusted under this section by more than three percent. The governing body shall reduce a tax rate set by law or by vote of the electorate to a rate that does not exceed the rate permitted by this subsection. In a year in which this subsection applies, Sections 26.05(c), 26.06, and 26.07 of this code do not apply to the city.

(b) The officer or employee designated to make the calculations provided by Section 26.04 of this code for a city shall adjust the tax rate

calculated under that section as provided by Subsection (c) or (e) of this section, as applicable.

(c)   In each tax year in which a city imposes an additional sales and use tax under Section 2A, Local Sales and Use Tax Act (Article 1066c, Vernon's Texas Civil Statutes):

(1)   if the amount of additional tax to be imposed in the current year as determined under Subsection (d) of this section exceeds the amount of additional tax, if any, used for purposes of this section in the preceding year as determined under Subsection (d) in that year, the officer or employee shall subtract from the rate calculated for the city under Section 26.04 of this code the rate that, if applied to the total taxable value submitted to the governing body, would impose taxes equal to the amount by which the amount of additional tax to be imposed in the current year exceeds the amount of additional tax used in the preceding year; or

(2)   if the amount of additional tax to be imposed in the current year as determined under Subsection (d) of this section is less than the amount of additional tax, if any, used for purposes of this section in the preceding year as determined under Subsection (d) in that year, the officer or employee shall add to the rate calculated for the city under Section 26.04 of this code the rate that, if applied to the total taxable value submitted to the governing body, would impose taxes equal to the amount by which the amount of additional tax used in the preceding year exceeds the amount of additional tax to be imposed in the current year.

Acts 1985, 69th Leg., 3rd C.S., ch. 10, §17, at 41.

Statutes should be given a reasonable and sensible construction, State Highway Department v. Gorham, 162 S.W.2d 934 (Tex. 1942); Brown & Root v. Durland, 84 S.W.2d 1073 (Tex. 1935), with a view to accomplishing the legislative intent.  Magnolia Petroleum Company v. Walker, 83 S.W.2d 929 (Tex. 1935); McKinney v. City of Abilene, 250 S.W.2d 924 (Tex. Civ. App. - Eastland 1952, writ ref'd n.r.e.).

It is clear from a reading of House Bill No. 79, as a whole, that the legislature intended that the additional one-half percent sales

and use tax offset revenue normally generated by ad valorem taxes; an obvious corollary to this proposition is that, if a city imposes no ad valorem tax, the city may not impose the additional sales tax designed to offset it. That the legislature intended the additional sales and use tax be used to offset property taxes is clear not only from a reading of the statute; it is clear from an examination of the legislative history. The Bill Analysis to House Bill No. 79 includes the following language setting forth the purpose of article I of the bill, the article in which sections 12, 16, and 17 are located:

> This article allows certain cities to adopt an additional one-half percent local sales and use tax for the purpose of reducing city ad valorem taxes.

In the "section by section" analysis of the Bill Analysis to House Bill No. 79, the purpose and effect of sections 16 and 17 are stated to be the following:

> Section 16:  Adds a new Subsection (b) to Article 1066c, Section 9, V.T.C.S., which provides that in cities which impose the additional sales and use tax, if the amount of additional sales tax revenue exceeds the amount of property taxes calculated under Section 26.04(c) (effective tax rate calculation), the excess shall be used to service debt.

> Section 17:  Amends Chapter 26, Tax Code, by adding a new Section 26.041 which provides that a city which imposes the additional sales and use tax under Section 2A of this Act shall take the anticipated additional revenue derived from the additional tax into account when calculating its effective tax rate and shall reduce the effective rate accordingly.

Bill Analysis to H.B. No. 79, prepared for Senate Finance Committee, filed in Bill File to H.B. No. 79, Legislative Reference Library.

The bill and its legislative history require us to conclude that the legislature intended the additional tax be used to reduce local property taxes. It necessarily follows that any city that does not impose an ad valorem tax cannot then impose the additional sales and use tax. It makes no sense for the legislature to permit the imposition of one tax for the purpose of providing tax relief from a second tax in an instance in which the second tax is not imposed. Accordingly, we conclude that a city that does not impose an ad valorem tax may not impose an additional local sales and use tax authorized by House Bill No. 79. Because we answer your first question in the negative, we need not address your second question.

With your third question, you ask, "May a city simultaneously adopt a local property tax and impose the 1/2 percent additional sales tax?" We answer your third question in the negative. The reduction in the effective tax rate calculation required by sections 16 and 17 of House Bill No. 79 requires a reduction calculated on the basis of the ad valorem taxes imposed in the previous year; subsection (c) of section 26.04 of the Tax Code specifically details the subtractions that must be made "from the total amount of property taxes imposed by the unit in the preceding year." (Emphasis added.)

Section 26.04 of the Tax Code sets forth the method of calculating the "effective tax rate" for the taxing unit. Subsection (d) of section 26.04 of the Tax Code provides in pertinent part:

> The designated officer or employee shall calculate the tax rate that if applied to the total taxable value submitted to the governing body less the taxable value of new property would impose the amount of property taxes determined as provided by Subsection (c) of this section.

Subsection (c) provides the following:

> (c) An officer or employee designated by the governing body shall subtract from the total amount of property taxes imposed by the unit in the preceding year:

> (1) the amount of taxes imposed in the preceding year to pay principal of and interest on debt of the unit and to pay lawfully incurred contractual obligations providing security for the payment of principal of and interest on bonds or other evidences of indebtedness issued on behalf of the unit by another political subdivision;

> (2) the amount of taxes imposed in the preceding year on property in territory that has ceased to be a part of the unit;

> (3) the amount of taxes imposed in the preceding year on taxable value that is exempt in the current year;

> (4) the amount of taxes imposed in the preceding year on taxable value that is not taxable in the current year because property appraised at market value in the preceding year is required by law to be appraised at less than market value in the current year;

> (5) the amount of taxes imposed <u>in the preceding year</u> pursuant to Subsection (d) of this section to recoup taxes lost in the year before as a result of an error or errors; and
>
> (6) the amount of taxes imposed <u>in the preceding year</u> dedicated to the use of a junior college district under Section 20.48(e), Education Code. (Emphasis added).

Tax Code §26.04(c).

The calculation procedure and ad valorem tax rate reduction requirements make sense only if the city has imposed an ad valorem tax at least in the year preceding the year in which the additional sales and use tax is imposed. Otherwise, there would be no way to calculate the effective tax rate; both sections 16 and 17 would be rendered meaningless, at least in the situation that you describe. Accordingly, we conclude that a city may not impose simultaneously an ad valorem tax for the first time and the additional sales and use tax authorized by House Bill No. 79 of the 69th Legislature.

### S U M M A R Y

> A city that does not impose an ad valorem tax may not impose an additional one-half percent sales and use tax authorized by House Bill No. 79. A city that does not impose an ad valorem tax may not impose simultaneously an ad valorem tax for the first time and the additional sales and use tax.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General