**Buddy McCOY et al., Appellants,**

**v.**

**Bert WILLIAMS et al., Appellees.**

**No. 6322.**

Court of Civil Appeals of Texas, El Paso.

Sept. 19, 1973.

Rehearing Denied Oct. 17, 1973.

OPINION

OSBORN, Justice.

This is a suit brought by citizens, taxpayers and property owners in the City of El Paso, suing as representatives and for the benefit of all citizens, taxpayers and property owners of said City similarly situated, and for the City of El Paso, seeking a judgment to cancel and declare void certain deeds between the City of El Paso and certain other parties named as defendants. The suit was brought against the Mayor and Aldermen-Council Members of the City of El Paso, the City of El Paso, a municipal corporation, and the owners of the property involved in the transaction with the City. It was alleged that in January, 1972, the Mayor executed a deed, purporting to convey approximately 50 acres of land to C. E. Armstrong, Trustee, and that, at the same time, certain other defendants, in exchange, conveyed 2 different tracts of approximately 50 acres to the City of El Paso. The plaintiffs alleged that there was a gross disparity in value of the tracts made the basis of the trade, all to the detriment to the City of El Paso, and that such transaction resulted in fraud upon the taxpayers and property owners within the City. It was also alleged that the exchange was made in violation of the provisions of Articles 5421c–12 and 1015c, Vernon's Tex.Rev.Civ.Stat.Ann.

The parties with whom the City made the exchange answered by special exceptions challenging the right of the plaintiffs to sue for the municipality. The trial Court sustained the special exceptions and when the plaintiffs did not amend their pleadings the suit was dismissed. We reverse the judgment of the trial Court and remand the case, recognizing that this suit may become moot since the City of El Paso has, since this appeal was perfected, filed a suit seeking relief similar to that sought by the Appellants in this case.

Long & Koehler, Ward L. Koehler, El Paso, for appellants.

Warren Burnett, Richard J. Clarkson, Odessa, Malcolm McGregor, Peticolas, Luscombe, Stephens & Windle, Harry Lee Hudspeth, El Paso, for appellees.

The main thrust of the Appellees' special exceptions in the trial Court was that the Appellants did not have a justicia-

ble interest which would entitle them to maintain their suit. The general rule as set forth in Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94 (Tex.Com.App.1937), is that where the authority to institute litigation in behalf of a political subdivision of the State is vested in a particular body or officer, a private citizen may not determine whether such litigation should be instituted and himself institute and prosecute it. This rule has been consistently followed where a private citizen had no other interest in the controversy other than that of the public at large and has suffered no injury which would not be common to all the public. City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754 (1888); Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926); City of West Lake Hills v. State ex rel. City of Austin, 466 S.W.2d 722 (Tex.Sup.1971).

But there are certain recognized exceptions to this rule, some established by statute. Article 1015c, Section 1, provides authority for municipalities to build and purchase, to mortgage and encumber, parks and recreational projects as enumerated therein. Section 2 of the Article provides that none of the named projects nor the land upon which they are situated shall ever be sold until such sale is authorized by a majority vote of the qualified voters of such city. Section 4 further provides that "any taxpayer residing within such city . . . shall have the right, by appropriate civil action in the District Court of the county in which such city or town is located, to enforce the provisions of this Act."

■ The Appellants alleged in their pleadings that the land exchanged by the City "was designated as a city park," and that it was actually put to such use. It was further alleged that the City failed to comply with the requirement of an election before transfer of the property and that the entire transaction was void and should be cancelled and held for naught. For purposes of the hearing in the trial Court,

these pleadings were required to be accepted as true. On that basis, we conclude that the Appellants as taxpayers came within the statutory exception to the rule and could maintain the suit.

Although Article 1015c requires an election where the land is to be sold, the Court, in McKinney v. City of Abilene, 250 S.W.2d 924 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.), concluded that an exchange of property came within the meaning of the word "sale" as used in a City Charter.

In Scott v. Board of Adjustment, 405 S.W.2d 55 (Tex.Sup.1966), the Court discussed the statutory exceptions to the general rule as to who could seek relief in certain instances and held that the legislature could authorize taxpayers (on behalf of the public) to sue, without being required to prove particular damage other than that common to the general public. The right of taxpayers to institute a suit to have a deed declared void because of the failure of the city to comply with the election provisions of Article 1015c was clearly recognized in Turullols v. San Felipe Country Club, 458 S.W.2d 206 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.), and the Court, at page 209, said:

"Since in our opinion, the legislature, in Article 1015c., authorized any taxpayer residing within such town or city to enforce the provisions of such act by appropriate civil action in the district court of the county in which that city is located, the trial court erred in dismissing this cause. In so much as the appellants have the right to bring this suit as taxpayers, we do not reach the question as to whether there was sufficient injury to themselves or their property to be considered as 'persons aggrieved'."

■ Appellees urge that Article 1015c is not applicable since there is no allegation that the park was created under that statute or that the land in question was encumbered under the provisions of the Act.

We find no restriction in Section 2 requiring an election, which would limit the requirement for an election to only parks, encumbered under this Act. Since this case is remanded and also since the City of El Paso has now filed its own suit seeking similar relief, it is both unnecessary and inappropriate that we discuss the provisions of Article 5421c–12 in this opinion.

The case is remanded to the trial Court.