**R. L. BOWLING et al., Appellants,**

**v.**

**The CITY OF EL PASO, Appellee.**

**No. 6431.**

Court of Civil Appeals of Texas, El Paso.

July 9, 1975.

Rehearing Denied July 30, 1975.

Warren Burnett Associated, Richard J. Clarkson, Odessa, Malcolm McGregor, Collins, Langford & Pine, John A. Langford, Charles E. Vinson, El Paso, for appellants.

Peticolas, Luscombe, Stephens & Windle, Harry Lee Hudspeth, El Paso, for appellee.

OPINION

PRESLAR, Chief Justice.

This is a suit by the City of El Paso to have declared void and to rescind a 1972 exchange of City-owned lands for lands owned by R. L. Bowling, Truett L. Maddox, Donald B. Fertel, C. E. Armstrong, Trustee, Property Management Company of New Mexico, and others, who were defendants in the trial Court and are the Appellants here. Subsequent to the exchange of properties, Property Trust of America and Property Services of America, Inc. acquired an interest in the land traded by the City and thereby became defendants and are also Appellants herein. The City alleged noncompliance with Art. 5421c–12, Vernon's Tex.Rev.Civ.Stat.Ann., grossly inadequate consideration, and an unconstitutional donation of public property.

At the close of all the evidence, the Court withdrew the case from the jury and granted the City's motion for instructed verdict based on the application of Art. 5421c–12. The trial Court voided the entire transaction by rendering judgment that the deed of the City be nullified, cancelled, set aside and declared wholly void, and that the deeds of the other parties to the transaction likewise be voided. That judgment will be affirmed.

Art. 5421c–12 became effective June 10, 1969, and provided in pertinent part as follows:

"No land owned by a political subdivision of the State of Texas may be sold without first publishing in a newspaper of general circulation in the county where the land is located or in an adjoining county, if there is no such newspaper, a notice that the land is to be offered for sale to the general public, its description, its location and the procedures under which sealed bids to purchase the land may be submitted. Notice shall be so given at least on two separate occasions

and no sale shall be held less than 14 days after the last notice."

The first and principal question presented to the trial Court and to this Court is whether or not this statute governs an "exchange" of land between a City and private persons.

■ It is undisputed that there was no advertising in the newspapers and no compliance otherwise with Art. 5421c–12 prior to the exchange. It is contended by Appellants that an exchange of property as occurred here is not a sale of property, therefore the cited Article does not apply. Appellants cite a number of cases as authority that an exchange is not embraced within the term "sale." These authorities can easily be distinguished as not pertaining to the construction of the statute involved. It is recognized that there is a technical distinction between a sale and an exchange of property, but, as used in the statute, this Court construes sale to mean any transfer of property. This is a logical construction because the purpose of the statute is the protection of public property, to throw a safeguard around land owned by a City in order that it might not be disposed of for less than true value and without prior knowledge by the citizens of the community.

Land may be disposed of in a number of ways—by sale, exchange or gift; the statute should be construed to cover all of these to effect its purpose of controlling the disposal of City property. If the word "sale" is held to its narrow technical sense, not to include "exchange," then it should be held not to include "gift." Surely no one would say that the Legislature intended that City property could be given away with no notice of any kind.

■ In the case of *McKinney v. City of Abilene*, the Eastland Court of Civil Appeals considered a City charter provision almost identical in its terms to the statute before us. In construing the charter provi-

sions, the Court set aside deeds of exchange and declared them void. 250 S.W.2d 924 (1952, writ ref'd n. r. e.). It held, as we must here, that "sale" should be construed in a broad sense, to cover and apply to the disposition of land owned by the City by means of an exchange. The Court noted, that in statutes, the word "sale" is usually construed as including an exchange of property, citing as authority: *Associates Discount Corporation v. C. E. Fay Co.*, 307 Mass. 577, 30 N.E.2d 876, 132 A.L.R. 519; *James v. State*, 124 Ga. 72, 52 S.E. 295; *Howell v. State*, 124 Ga. 698, 52 S.E. 649; *State v. Fullman*, Del., 7 Pennewill 123, 74 A. 1; *Dickinson v. Lawson*, 125 Neb. 646, 251 N.W. 656; *Berger v. United States Steel Corp.*, 63 N.J.Eq. 809, 53 A. 68; *Associated Gas & Electric Co. v. Public Service Commission*, 221 Wis. 519, 266 N.W. 205; *Keeler v. Murphy*, 117 Cal.App. 386, 3 P.2d 950.

The Court then said:

"The effect of the failure of the Board of Commissioners of the City of Abilene to comply with the charter provisions requiring notice and hearing of the 'sale' was to render the transaction void and the court did not err in so holding. *Culver v. Miears*, Tex.Civ.App., 220 S.W.2d 200; *Wyatt Metal & Boiler Works v. Fannin County*, Tex.Civ.App., 111 S.W.2d 787; *Wilder v. American Produce Co.*, Tex.Civ.App., 147 S.W. 936; *Elms v. Giles*, Tex.Civ.App., 173 S.W.2d 264; 141 Tex. 446, 174 S.W.2d 588."

Under such authority, the trial Court in the case before us correctly declared the deeds void. See also *Zachry v. City of San Antonio*, 157 Tex. 551, 305 S.W.2d 558 (1957).

■ Appellants contend that the transaction was validated by the passage of Art. 1174a–9, Tex.Rev.Civ.Stat.Ann. This Act was passed at the next session of the Legislature following the exchange; its purpose was to validate certain city elections and "all governmental proceedings of home-rule

cities * * *." However, Sec. 4 of the Act provides:

"This Act shall not be construed as validating any proceedings or actions the validity of which is involved in litigation on the effective date of this Act and such litigation is ultimately determined against the validity thereof."

At the time Art. 1174a–9 became effective on June 15, 1973, there was pending in the District Court of El Paso County the case of *McCoy v. Williams*, by which McCoy and others, as interested citizens, were attempting to have this very exchange of property set aside on basically the same grounds that are alleged in the case before us, and against the same parties-defendant, plus the then mayor Bert Williams. This Court decided that case against the parties who are Appellants here and remanded the case to the trial Court for trial on the merits. See *McCoy v. Williams*, 500 S.W.2d 178 (Tex.Civ.App.—El Paso 1973, writ ref'd n. r. e.). In remanding that case to the trial Court, we held that we would not determine the effect of Art. 5421c–12 because the case presently before us, this case, had been filed and its determination would settle the question. Thus, by our decision in this case, that litigation is ultimately determined against validity within the meaning of Art. 1174a–9. That Act did not validate the exchange.

■ Appellants urge that the City ratified the transaction when the City Council voted a "ratifying resolution" some three months after the exchange. This was not an action or procedure which ratification would cure. It did not cure the vice—the failure to give notice by publication in the newspapers and allowing time for competitive bids. The exchange was void. A void act cannot be cured by ratification. *Culver v. Miears*, 220 S.W.2d 200 (Tex.Civ.App.—Eastland 1949, writ ref'd); *Wyatt Metal & Boiler Works v. Fannin County*, 111 S.W.2d 787 (Tex.Civ.App.—Texarkana 1937, writ dism'd); *City of Lubbock v. Geo. L. Simp-son & Co.*, 31 S.W.2d 665 (Tex.Civ.App.—Amarillo 1930, writ dism'd w. o. j.).

■ The question is raised that the City was estopped from denying the validity of the exchange transaction. It is well settled that estoppel is an affirmative defense which must be specially pled. Rule 94, Texas Rules of Civil Procedure; *Concord Oil Co. v. Alco Oil and Gas Corp.*, 387 S.W.2d 635 (Tex.1965); *Burket v. Delaware Drilling Corporation*, 435 S.W.2d 307 (Tex. Civ.App.—El Paso 1968, writ dism'd). Appellants Bowling, Maddox, Fertel, Armstrong and Property Management Company of New Mexico answered only by way of general denial. Estoppel was not affirmatively pled and is not available to those Appellants. Appellants, Property Trust of America and Property Services of America, Inc., did raise the defense of estoppel. An examination of the statement of facts reveals no evidence on the part of these two Appellants on the element of reliance in the estoppel defense. Because of this failure to prove an essential element of estoppel, their point of error must be overruled. One asserting estoppel must not only plead it but he has the burden of proving every essential element thereof. *Barfield v. Howard M. Smith Company of Amarillo*, 426 S.W.2d 834 (Tex.1968); *Concord Oil Co. v. Alco Oil and Gas Corp.*, supra. Also, the two Appellants who pled estoppel are in no position to show their reliance, because during the time of their transactions there was on file in the Deed Records of El Paso County a Lis Pendens Notice of the case of *McCoy v. Williams*, in which case the plaintiffs were seeking to have the transaction declared void.

■ Appellants argue that they have not been made whole, because there is no return of the taxes which they paid on the property acquired by them. None of the parties pled the matter of taxes in the trial Court, and there is no assignment of error, as such, in this Court. The City's offer could be construed as broad enough to cover

the matter of taxes, because they pled that they were ready, willing and able to deliver the property acquired to the defendants "as the Court shall direct, as part of an order rescinding and cancelling the conveyance involved." However, the tax matter was not litigated, and it may not be a problem when this case becomes final and the taxes paid on one tract are considered with the taxes owing on other tracts. As to such taxes, we make no order as the matter is not properly before us.

All points of error have been considered and all are overruled.

The judgment of the trial Court is affirmed.