

# The Attorney General of Texas

August 30, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/882-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Gene Knize
Ellis County Attorney
Ellis County Courthouse
Waxahachie, Texas 75165

Opinion No. H- 1234

Re: Authority of county to exchange real estate for like property.

Dear Mr. Knize:

You ask whether the commissioners court has the authority to dispose of real estate owned by the county through the method of exchange for similar or like property.

The commissioners court may dispose of land only pursuant to some statute. Ferguson v. Halsell, 47 Tex. 421 (1877); Attorney General Opinion M-799 (1971). The statute governing the disposal of land by the commissioners court is article 1577, V.T.C.S. Wilson v. County of Calhoun, 489 S.W.2d 393, 397 (Tex. Civ. App. — Corpus Christi 1972, writ ref'd n.r.e.); Attorney General Opinions M-799 (1971); M-524 (1969).

Article 1577 permits the commissioners court to "appoint a Commissioner to sell or lease any real estate of the county at public auction. . . ." Terms such as "sell" or "sale" have been construed to encompass an exchange. Bowling v. City of El Paso, 525 S.W.2d 539 (Tex. Civ. App. — El Paso) writ ref'd n.r.e. per curiam, 529 S.W.2d 509 (Tex. 1974). It is our opinion, however, that a statute that requires land to be sold at a public auction evidences the intent that the land be sold for money and not exchanged for other property, as auctions are not generally considered methods for effectuating exchanges. See Clark v. Stanhope, 59 S.W. 856, 858 (Ky. 1900) (auctions are a "means of converting things into money," quoting Bishop on Contracts, § 528 (1st ed. 1887)). "Auction" means "the sale of any property by competitive bid." V.T.C.S. art. 8700, § 1(1). If a bid of property were made at an auction, the property's value would have to be validated by some procedure in order to determine the bid's competitiveness. The fact that such procedures are not contemplated by the statute indicates that exchanges were not intended to be authorized. There are exceptions to the auction requirements of article 1577 relating to highway rights-of-way or seawalls, but they are inapplicable here, and we need not consider them.

We note that, outside the scope of article 1577, political subdivisions with the power of eminent domain and condemnation may exchange land between themselves.  City of Tyler v. Smith County, 246 S.W.2d 601 (Tex. 1952); El Paso County v. City of El Paso, 357 S.W.2d 783 (Tex. Civ. App. — El Paso 1962, no writ).  While such agreements might be considered to be "sales" of land, they are "most reasonably characterized as an agreement reached between two political subdivisions . . . respecting the paramount public use of land owned by one of them." Attorney General Opinion H-93 (1973).

### SUMMARY

Land sold or leased at a public auction pursuant to article 1577, V.T.C.S., may not be exchanged for other property. Land may also be exchanged between political subdivisions with the power of eminent domain.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn