

# The Attorney General of Texas

June 19, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Leslie C. Acker
Midland County Attorney
Midland, Texas 79701

Opinion No. H-1188

Re: Whether a city may transfer a street right-of-way to a county without publication of notice and bids as required in article 5421c-12, V.T.C.S.

Dear Mr. Acker:

You have requested our opinion regarding whether a city may transfer a street right-of-way to a county without publication of notice and bids. You state that Midland County has purchased property in Midland on both sides of Baird Street between Texas Avenue and Illinois Avenue. The county has requested the City of Midland, as owner of the right-of-way of Baird Street, to close the street in the block between Texas and Illinois Avenues and transfer the land therein to the county.

Section 1 of article 5421c-12, V.T.C.S., states:

> No land owned by a political subdivision of the State of Texas may be sold or exchanged for other land without first publishing in a newspaper of general circulation in the county where the land is located or in an adjoining county, if there is no such newspaper, a notice that the land is to be offered for sale or exchange to the general public, its description, its location and the procedures under which sealed bids to purchase the land or offers to trade for the land may be submitted. Notice shall be so given at least on two separate occasions and no sale or exchange shall be held less than 14 days after the last notice.

In Bowling v. City of El Paso, 525 S.W.2d 539 (Tex. Civ. App. — El Paso), writ ref'd n.r.e. per curiam, 529 S.W.2d 509 (Tex. 1975), the court held that article 5421c-12 should be construed to cover disposal of land by any means.

Although article 5421c-12 has thus been held applicable to various types of transfers of land by a political subdivision, we believe that an exception created by section 2 is applicable to the facts you describe. Section 2 provides, in pertinent part:

> [b] id procedures and publication requirements as set forth in Section 1 of this Article shall not be applicable in the sale or disposition of real property interests belonging to a political subdivision in the following circumstances:

> . . . .

> (b) Streets or alleys, whether owned in fee or used by easement, in which event such land or interest may be sold to the abutting owner or owners in proportion to their abutting ownership, such division between owners to be made in an equitable manner.

In the present instance, a street owned by the City of Midland will be transferred to the "abutting owner," Midland County. In our opinion, therefore, the City of Midland may, in the situation you pose, give to Midland County a street right-of-way without publication of notice and bids. Since your question is specifically limited to the effect of article 5421c, V.T.C.S., we do not address the problems which might arise under article 3, section 52 of the Constitution or article 1019, V.T.C.S.

## SUMMARY

> In the circumstances described, the City of Midland may transfer to Midland County a street right-of-way without publication of notice and bids.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn