928 S.W.2d 773 (1996)
WEST ORANGE-COVE CONSOLIDATED INDEPENDENT SCHOOL DISTRICT and Travis "Pete" Gresham, Appellants,
v.
Robert SMITH, Mike McQueen, Thomas Conrad, Bobby Conrad, Roy McDonald, Leo Edwards, Marjie Helton, Linda Kovatch, Keith Kovatch, and Randy Plant, Appellees.
No. 09-95-188CV.
Court of Appeals of Texas, Beaumont.
Submitted June 6, 1996.
Decided August 29, 1996.
Larry C. Hunter, Vidor, George Barron, Orange, for appellant.
Donald B. Kelley, Orange, for appellee.
Before WALKER, C.J., and STOVER and SPURLOCK,[1] JJ.

*774 OPINION
SPURLOCK, Justice (Assigned).
This appeal is brought by appellant West Orange-Cove Consolidated Independent School District (ISD) complaining of the granting of a permanent injunction by the trial court prohibiting the school district from selling certain surplus property to appellant Travis "Pete" Gresham (Gresham) who was the highest bidder in a closed bid process. Appellee Robert Smith and others sought the injunction alleging an irregularity in the bid process, specifically a typographical error in the closure date in the published notice seeking bid submission. The advertised date published in the newspaper notice was January 6, 1994. The true date should have been January 6, 1995, some two weeks following the dates of December 16 and 18, 1994, when the newspaper was published.
The trial court apparently adhered to a need for absolute strictness in the requirements for publication of the notice of the bid instead of allowing a rule of more reasonable strictness. We hold this was error and reverse the decision of the trial court and dissolve the permanent injunction.
Appellants ISD and Gresham bring two points of error complaining of the permanent injunction which barred ISD from selling the property to Gresham. Appellants admit there was a typographical error in the year date in the published notice, but in point of error one argue there is no evidence or, alternatively, insufficient evidence that any person, especially any appellee, relied on such error. In the second point of error, appellants argue that even though there was a typographical error in the published invitation to bid, nevertheless the publication followed with reasonable strictness the statute prescribing the form and method by which notice must be given. The case was tried to the court on an agreed stipulation of evidence, live testimony, and certain deposition testimony.
A short summation of the evidence is that the property in question, known as the "Ag Farm" property, was owned by the school district but had been leased out by the district for a period of years. In late 1994, the district decided to sell the property through a public bid process. It originally offered the property requiring a minimum bid of $100,000, with a single family residential purpose restriction. However, a majority of the property could not be used for single family dwelling because it was located in a flood plane. The district did not receive any bid in response to the first bid invitation. The board of trustees then voted to offer the property for sale again without any minimum bid or any use restrictions. In the second bid process only appellant Gresham made a bid.
The decision to call for second bids had been made by the school district about December 9, 1994, when it requested the Orange Leader (a newspaper of general circulation) to print the notice in question. On December 16 and 18, 1994, the Leader printed the invitation to bid which noted that sealed bids were to be received until 2:00 P.M., C.S.T., Friday, January 6, 1994, which should have been January 6, 1995. Gresham's bid for $30,200 was the only bid received. On February 27, 1995, the board of trustees voted to accept the bid.
Appellant ISD notes that appellee Robert Smith was present at the meeting of the board of trustees where the Gresham bid was accepted. No one protested the bid at that time and, further, after the district accepted the bid of Gresham, Robert Smith approached Gresham and offered to purchase the property in question for $50,000, which was declined. Jerry Pennington, the president of the school board at that time, testified that he did not recall anyone from the audience complaining about the bid. Sometime after Gresham's bid had been accepted by ISD, appellee Smith and others requested that John Kimbrough, the county attorney for Orange County, Texas, review the published invitation to bid. In doing so, Kimbrough discovered the typographical error in the date deadline for submitting the bids.
Thereafter, on March 10, 1995, Robert Smith filed this suit for injunction against the school district. He complained about the *775 typographical error, alleging that the advertised notice did not comply with TEX. EDUC. CODE ANN. § 20.922(d)(3) (Vernon 1987), which requires that the notice include time, date, and place where the proposal will be received.[2]
After the injunction was granted, appellants filed a request for findings of fact and conclusions of law and followed that up with a timely filing of notice of failure to file findings of fact and conclusions of law. The trial court never filed any findings of fact and conclusions of law. However, the trial court's failure to do so does not warrant reversal since appellant did not raise a point of error on appeal regarding the matter and thereby waives any complaint in that regard. TEX.R.APP. P. 74(d)(f). The court of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error. Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993).
Appellees have addressed the substance of appellants' first and second points of error as one, arguing that essentially the same point of error is being made in each. Appellees argue that appellants simply complain that the error in the published invitation to bid was not noticed by anyone, no one relied upon it, and, therefore, no harm flowed from it. We agree with appellees in their assessment of appellants' points of error, but we come to a different conclusion than do appellees in the result which should follow that analysis. We believe the court must have first concluded harm would flow from the sale of property before it would be within the court's discretion to issue the injunction. We find no evidence of any harm occurring to anyone.
Appellants argue that the typographical error in one character of the date was such an obvious typographical error that the only correct date could have been January 6, 1995. Further, had any person read or relied upon the published notice and requested a bid packet from the school district, that person would have been furnished with the correct deadline for receiving the bids along with any other information necessary to submit a bid for the purchase of the property in question. As noted above, the only bid received in response to the second invitation to bid was that of Gresham for $30,200, which was accepted. There was no evidence anyone was deceived by the incorrect cutoff date, nor was harm shown by the publication of the incorrect date.
Generally, the reason for publication of invitations to bid is to give the public notice that such an event is occurring, to assure those interested an opportunity to participate. The Texas Education Code contemplates there will be a cutoff date by when bids have to be received by an agency. See TEX. EDUC.CODE ANN. § 20.922(d)(3) (Vernon 1987) (repealed by Act of May 30, 1995, 74th Leg., R.S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2498). The notice in this case adequately accomplished that purpose. Although at least two persons received bid packets, no one came forward to complain that the incorrect date caused them to be unable to bid. There was testimony by a Mr. Guillory, who received a bid packet, that the typographical error would not have caused him any confusion, since he was leasing the land in January 1994, and, therefore, knew that the January 1994 date could not be correct. Moreover, the bid package he received from the school district gave the correct date by which he must return it. Therefore, the publication, even though partly incorrect, was effective as a public notice, and no harm flowed to the public from the publishing error. In effect, the publication of the incorrect cutoff date was a de minimus error.
In order to obtain injunctive relief, an applicant must establish the existence of a wrongful act, imminent harm, and irreparable injury, and the absence of an adequate remedy at law. Hues v. Warren Petroleum Co., 814 S.W.2d 526, 529 (Tex.App.Houston [14th Dist.] 1991, writ denied). The applicant, therefore, has the burden of proof at trial of showing the necessity for the issuance *776 of an injunction. However, in the instant case, there was no evidence appellees or anyone else had read, relied upon, was confused by, or was in any way prevented from bidding on the property in question as a result of the typographical error in the published cutoff date. No necessity for issuing an injunction to prevent harm was proved, for there was no evidence the sale had harmed anyone, or that lack of proper notice of the closing date for a bid had either. Appellee Robert Smith in fact stipulated through his attorney at trial that he did not even read the published invitation to bid until some time after Gresham's bid had been accepted by the board of trustees of the school district. There was no evidence that anyone was confused by the one character typographical error in question.
Appellants cite as authority, which we hold is controlling in this case, that a statute prescribing the form and method by which notice must be given must be followed with reasonable strictness. Clayton v. Newton, 524 S.W.2d 368, 372 (Tex.Civ.App.Fort Worth 1975, no writ). Appellees, though, would have us adhere to the rule in Sterrett v. Bell, 240 S.W.2d 516 (Tex.Civ.App.Dallas 1951, no writ), which they say provides that competitive bidding requires due advertising and opportunity to bid for all parties. We note that Sterrett (a construction contracting case) actually holds, "Competitive bidding requires due advertisement, giving opportunity to bid, and contemplates a bidding on the same undertaking upon each of the same material items covered ..." Id. at 520. "It requires that all bidders be placed upon the same plane of equality and that they each bid upon the same terms and conditions ..." Id. The court observes that the purpose of bidding is to stimulate competition, prevent favoritism and secure the best [results] for the best interests and benefits of the taxpayers. The court concludes: "There can be no competitive bidding in a legal sense where the terms of the letting of the contract prevent or restrict competition ..." Id.
We find that the mistake in the bid notice in this case did not operate to prevent or restrict any bid competition, nor did it promote any favoritism. All bidders were upon the same plane of equality with equal opportunity to compete. Although Sterrett was written considering bids for public construction, it, by analogy, applies here, and we hold that the requirements of both Clayton and Sterrett were met. The District served the best interests of and obtained the best benefit it could for the taxpayers.
Appellee, however, makes further argument that the failure to give proper notice renders the sale void, citing Bowling v. City of El Paso, 525 S.W.2d 539 (Tex.Civ.App. El Paso 1975, writ ref'd n.r.e.). We disagree that Bowling holds this. In Bowling, the El Paso court was concerned with the disposal of a piece of property by the city of El Paso, where it was argued a transfer of land was a gift, not a sale, and, therefore, no compliance with the statutory requirements for sale of public land had been or was necessary. Faced with the fact there was no compliance with the statute and no notice given to the public, the court agreed with the Eastland Court of Appeals which had held "The effect of the failure of [the city] to comply with the charter provisions requiring notice and hearing of the `sale' was to render the transaction void...." Bowling at 541 quoting McKinney v. City of Abilene, 250 S.W.2d 924, 926 (Tex.Civ.App.Eastland 1952, writ ref'd n.r.e.). Bowling does not hold that a "failure to give proper notice renders the sale void." At best, Bowling holds, quite correctly, that failure to give any notice renders such sale void. This is not our case. This case is not about an ambiguous invitation to bid, nor a failure to advertise for bids at all, nor one which requires conjecture to the extent that we must find that competitive bidding was prevented. This case was brought solely because of an unfortunate typographical error that we hold was de minimus. The error was the cause of no harm to any person; it did not in any way interfere with the bidding process, and should not be used as a means of stopping the sale of property which went through what was otherwise a correct, competitive bidding process. The purpose of requiring notice of solicitation of public bids to protect the interest of the taxpayers was fulfilled. We find nothing occurred in the bidding process which defeated the statutory requirement for notice which is to assure *777 competition for bidding under the statute authorizing sale of the property.
Accordingly, we hold the trial court abused its discretion and committed error in granting the request for injunction. We reverse the decision of the trial court and dissolve the injunction. All costs of trial and appeal are assessed against the appellees.
REVERSED.
NOTES
[1] The Honorable Joe Spurlock II, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1988).
[2] TEX. EDUC.CODE ANN. § 20.922 was repealed by Act of May 30, 1995, 74th Leg., R. S., ch. 260, § 58(a)(1), 1995 Tex. Gen. Laws 2498.