

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

November 3, 2005

Mr. Jerry Clark
Executive Vice President and General Manager
Sabine River Authority of Texas
Post Office Box 579
Orange, Texas 77631

Opinion No. GA-0371

Re: Whether the Sabine River Authority of Texas may sell surplus real property to an adjoining landowner without holding a public sale (RQ-0342-GA)

Dear Mr. Clark:

You ask whether the Sabine River Authority of Texas (the "SRA") may sell surplus real property to an adjoining landowner without holding a public sale.[1]

You state that the SRA is a river authority created under article XVI, section 59 of the Texas Constitution and is a "district" governed by Water Code chapter 49. *See* Request Letter, *supra* note 1, at 1.[2] You inform us that the SRA owns "various lands which are not used in its day-to-day operations." *Id.* As the result, the board of directors "is considering declaring certain portions of such real property to be surplus and disposing of it" by selling it to adjoining landowners. *Id.* You explain that there is some confusion regarding whether such a transaction would be governed by section 272.001 of the Local Government Code, which generally requires political subdivisions to sell real property by providing public notice and accepting sealed bids,[3] or section 49.226 of the Water Code, which permits districts to sell certain property by public or private sale. *See id.*

---

[1]*See* Letter from Jerry Clark, Executive Vice President and General Manager, Sabine River Authority of Texas, to Honorable Greg Abbott, Texas Attorney General (May 2, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See also* Act of April 27, 1949, 51st Leg., R.S., ch. 110, § 1, 1949 Tex. Gen. Laws 193 (creating the Sabine River Authority under article XVI, section 59 of the Texas Constitution); TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon Supp. 2004-05) ("As used in this chapter [] 'District' means any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution, regardless of how created.").

[3]*See* TEX. LOC. GOV'T CODE ANN. § 272.001(a)-(b) (Vernon Supp. 2004-05); *see also Bell v. Katy Indep. Sch. Dist.*, 994 S.W.2d 862, 866 (Tex. App.–Houston [1st. Dist.] 1999, no pet.) (Section 272.001 "protect[s] public property in order that it might not be disposed of for less than true value. The notice and bidding requirements stimulate competition, prevent favoritism, and secure the best price for the property.") (citing *City of Dallas v. McKasson*, 726 S.W.2d 173, 176 (Tex. App.–Dallas 1987, writ ref'd n.r.e.); *West Orange-Cove Consol. Indep. Sch. Dist. v. Smith*, 928 S.W.2d 773, 776 (Tex. App.–Beaumont 1996, no writ)).

Section 49.226 of the Water Code provides in pertinent part:

> (a)  Any personal property valued at more than $300 or *any land or interest in land owned by the district which is found by the board to be surplus and is not needed by the district may be sold under order of the board either by public or private sale*, or the land, interest in land, or personal property may be exchanged for other land, interest in land, or personal property needed by the district. Except as provided in Subsection (b), land, interest in land, or personal property must be exchanged for like fair market value, which value may be determined by the district. In connection with the sale of surplus land, the board, at its discretion, may impose restrictions on the development and use of the land.
>
> . . . .
>
> (c)  *Before a public sale of real property*, the district shall give notice of the intent to sell by publishing notice once a week for two consecutive weeks in one or more newspapers with general circulation in the district.

TEX. WATER CODE ANN. § 49.226(a), (c) (Vernon Supp. 2004-05) (emphasis added).

Section 49.226(b) authorizes a district to dispose of other types of real property, but also contains a more general reference to chapter 272 of the Local Government Code:

> (b)  Any property dedicated to or acquired by the district without expending district funds may be abandoned or released to the original grantor, the grantor's heirs, assigns, executors, or successors upon terms and conditions deemed necessary or advantageous to the district and without receiving compensation for such abandonment or release. District property may also be abandoned, released, exchanged, or transferred to another district, municipality, county, countywide agency, or authority upon terms and conditions deemed necessary or advantageous to the district. Narrow strips of property resulting from boundary or surveying conflicts or similar causes, or from insubstantial encroachments by abutting property owners, or property of larger configuration that has been subject to encroachments by abutting property owners for more than 25 years may be abandoned, released, exchanged, or transferred to such abutting owners upon terms and conditions deemed necessary or advantageous to the district. *Chapter 272, Local Government Code, does not apply to this section.*

*Id.* § 49.226(b) (emphasis added). As originally enacted, section 49.226(b) provided that chapter 272 of the Local Government Code "shall not apply to this *sub*section"; the exception from chapter 272

was limited to those specific transactions authorized by section 49.226(b). *See* Act of May 25, 1995, 74th Leg., ch. 715, § 2, 1995 Tex. Gen. Laws 3755, 3775. However, the legislature changed "subsection" to "section" in 2001. *See* Act of May 26, 2001, 77th Leg., R.S., ch. 1423, § 14, 2001 Tex. Gen. Laws 5069, 5072.

Section 49.226(a) expressly authorizes a district to sell surplus land by public or private sale. *See* TEX. WATER CODE ANN. § 49.226(a) (Vernon 2004-05) ("any land or interest in land owned by the district which is found by the board to be surplus and is not needed by the district may be sold under order of the board either by public or private sale"). Moreover, by its plain terms, section 49.226(b) provides that chapter 272 of the Local Government Code "does not apply to this section." *Id.* § 49.226 (b). Thus, if a land transaction is authorized by section 49.226, public sale requirements prescribed by section 272.001 of the Local Government Code do not apply. In addition, the notice requirement set forth in section 49.226(c) for a public sale of real property does not apply to a private sale. *See id.* § 49.226(c).

Given these statutory provisions, in the event the SRA board of directors determines that land is "surplus and is not needed by the district," the district may sell the land by private sale under section 49.226(a) of the Water Code. *See id.* § 49.226(a). The requirements of section 272.001 of the Local Government Code would not apply. Thus, in answer to your specific question, the SRA may sell real property, which the board has determined is surplus and is not needed by the SRA, to an adjoining landowner without holding a public sale.[4]

---

[4]Counsel for the SRA observes that section 49.226 does not establish procedures or requirements for a private land sale and advises that "a reasonable private sale should incur no legal consequences to the [SRA]. However, when possible, the [SRA] should retain a certified appraiser to determine fair market value of the real property prior to its sale." Opinion Letter from Charles W. Goehringer, Jr., Attorney, Germer Gertz, L.L.P., to Jerry Clark, Sabine River Authority of Texas, at 1 (May 1, 2005) (submitted as part of Request Letter, on file with Opinion Committee, *also available at* http://www.oag.state.tx.us); *see also* TEX. WATER CODE ANN. § 49.226(c) (Vernon Supp. 2004-05). In this regard, we add that the SRA may also wish to consider whether a land sale comports with the Texas Constitution. *See* TEX. CONST. art. III., §§ 50-52 (limiting the legislature's and political subdivisions' authority to aid individuals and private entities). Certainly a land sale for fair market value could not be challenged as a gratuitous transaction. *Cf. Walker v. City of Georgetown*, 86 S.W.3d 249, 260 (Tex. App.–Austin 2002, pet. denied) ("[T]he lease entered into here was supported by valuable consideration. As such, it was not a gratuitous donation of public funds or a thing of value.") (considering challenge to municipal real property lease under article III, section 52). We also note that section 49.226 does not exempt a district from the requirements of the Open Meetings or Public Information Acts.

### S U M M A R Y

In the event the Sabine River Authority board of directors determines that land is "surplus and is not needed" by the river authority, section 49.226 of the Water Code authorizes the river authority to sell the land by private sale. Because the transaction is governed by section 49.226, public sale requirements prescribed by section 272.001 of the Local Government Code would not apply. Thus, the Sabine River Authority may sell such surplus real property to an adjoining landowner without holding a public sale.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee